**BERNINA DISTRIBUTORS, INC.,**
**Plaintiff-Appellee,**

v.

**BERNINA SEWING MACHINE CO.,**
**INC., Defendant-Appellant.**

**No. 78–1934.**

United States Court of Appeals,
Tenth Circuit.

June 24, 1981.

Stephen G. Crockett and Robert G. Holt of Martineau, Rooker, Larsen & Kimball, Salt Lake City, Utah, for defendant-appellant.

Allen I. Neiman and Patricia M. Wolfe of Neiman & Billet, Beverly Hills, Cal., for plaintiff-appellee.

## OPINION ON REHEARING

Before McKAY, PECK * and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

Bernina Sewing Machine Co., Inc. (Importer) has petitioned for rehearing with what is essentially a request for clarification of one aspect of the Court's opinion in this case. See 646 F.2d 434 (10th Cir. 1981). Importer points to the trial court's interpretation of the contract as applied to replacement sewing machine models and its finding that Importer was entitled to an additional 10% profit under the contract, charged only at the time of introduction of a replacement model. The trial court allowed the 10% only on the difference between the price of the replacement model at the time of its introduction and the then current price of the original model being replaced, which amount was to be converted to Swiss francs, using the conversion ratio in effect in 1971 at the time of the contract. Importer asks this Court to hold, in accordance with our reasoning with respect to the introduction of new models, that the profit margin for replacement models be calculated in dollars without reference to the 1971 exchange rate. It also asks that the 10% be allowed on the difference between the cost of the replacement model at the time of its introduction and the original 1971 contract price of the model being replaced. We have obtained and considered Bernina Distributors, Inc.'s response to the petition.

Although counsel did not discuss this aspect of the trial court's order on appeal, we treat the issues as properly before us because Importer's appeal challenged the trial court's findings as to all aspects of the 10% margin on replacement models. Clearly our discussion in the opinion requires that the 10% margin be calculated in dollar terms without reference to the 1971 exchange rate between Swiss francs and dollars. We think the logic of that opinion also requires that the 10% margin be allowed only once and then on the difference between the price of the replacement model at the time of its introduction and the then current, or last invoice, price of the original model being replaced, as the trial court found. Any other interpretation, we believe, would read out of the agreement between the parties most of the effectiveness of paragraph 9's limitation of price increases on existing models prior to their replacement. With this addition and clarification, we reaffirm the original opinion as issued. The petition for rehearing is denied.

* The Honorable John W. Peck, of the United States Court of Appeals for the Sixth Circuit,     sitting by designation.